IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIBRIL LUQMAN IBRAHIM a/k/a  GRANT ANDERSON, JR., | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. RDB-06-1187 |
| U.S. DEPARTMENT OF JUSTICE, | * | |
| Respondent | | |

******

## MEMORANDUM OPINION

Petitioner filed this Petition for Writ of Mandamus on May 11, 2006, seeking to have the United States Department of Justice ("DOJ") expunge certain information from his prison files. (Paper No. 1).

Respondent has filed a dispositive motion (*see* Paper Nos. 3 and 4), which shall be treated as a motion for summary judgment. Petitioner has not responded.[1] No hearing is needed to resolve the question as to whether Petitioner is entitled to the relief requested. *See* Local Rule 105.6 (D. Md. 2004).

Under 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the Petitioner. In order to meet the requirements for mandamus relief, Petitioner must show that he has the clear legal right to the relief sought; that Respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. The

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on September 11, 2006, Petitioner was notified that Respondent had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 5). Petitioner was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*).

failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[2] *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Total Care, Inc. v. Sullivan*, 1991 U.S. App. Lexis 29804 (4th Cir. December 23, 1991) (unpublished); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

**Background**

Petitioner is a D.C. inmate housed in the United Sates Penitentiary Allenwood in White Deer, Pennsylvania. He is serving a life sentence for convictions for "Assault with Intent to Commit Rape while Armed," in violation of D.C. Code § §22-501 and 3202, "Burglary I While Armed," in violation of D.C. Code §§ 22-1801 and 3202, and "Assaulting, Resisting or Interfering with an Officer with a Dangerous Weapon," in violation of D.C. Code §§22 -505(b) and 3202. He is also serving a one-year term of imprisonment for a conviction of "Receiving Stolen Property." (Paper No. 3). Petitioner maintains that despite his having been represented by counsel and convicted after trial that he was not the perpetrator of the above crimes and that their was a mix-up as to names in the indictment. He claims that the criminal charges that resulted in his convictions are false because he is not the "Grant Anderson" named in the charging papers. He states that he has attempted to have the DOJ and Bureau of Prisons ("BOP") remove the false charges but that the DOJ and BOP have refused to do so. He states that the United States Parole Commission has relied on this erroneous

---

[2] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

information in denying him parole.  Paper No. 1.

**Analysis**

This Court concludes that Petitioner has failed to meet the above criteria for mandamus relief. Petitioner's complaint does not lie with the records maintained by the DOJ or BOP.  Rather, the basis of his claim is that his convictions are invalid.  The proper proceeding for such a claim is by way of a motion to vacate filed with the sentencing court, in this case the Superior Court of the District of Columbia.  Petitioner may file a motion to vacate his sentence under D.C. Code § 23-110. Since Petitioner has an adequate remedy at law to challenge the validity of his convictions, he is not entitled to mandamus relief.[3]

A separate Order shall be entered reflecting the Opinion set forth herein.

October 2, 2006                                          /s/
   Date                                                               RICHARD D. BENNETT
                                                                      UNITED STATES DISTRICT JUDGE

---

[3] To the extent that the Petition is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging any decision of the USPC to deny Petitioner parole, the proper venue for filing such a claim is in the United States District Court for the Middle District of Pennsylvania. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (a § 2241 habeas corpus petition lies in the federal district court where Petitioner is incarcerated or in the federal district court where the Petitioner's custodian is located); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the proper respondent for a habeas proceeding is a prisoner's immediate custodian, e.g., the warden of the institution where the prisoner is confined).